UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA



| | | |
|---|---|---|
| Kelvin J. Schexnayder | * | Civil Action |
| | * | |
| v. | * | No: 07-84-JJB-CN |
| | * | |
| CF Industries Long Term Disability | * | Sect._____ Mag._____ |
| Plan for its Employees, CF Industries, Inc | * | |
| and | * | ERISA – Non-jury Case |
| Hartford Life and Accident Insurance | * | |
| Company | * | |
| * * * * * * | * | * * * * * * * |

## COMPLAINT

*This is a complaint seeking long-term disability benefits under ERISA, reinstatement of employment, and damages for wrongful termination of employment.*

1.

Plaintiff, Kelvin J. Schexnayder, of lawful age and resident of Gonzales, Louisiana is a plan participant and beneficiary of an ERISA plan created by his former employer CF Industries, Inc. and an insured participant of a group disability policy issued by Hartford Life and Accident Insurance Company.

2.

Defendant, Hartford Life and Accident Insurance Company (Hartford), is a foreign insurance corporation authorized and doing business in the State of Louisiana.

3.

Defendant, CF Industries, Inc, is a foreign corporation doing and authorized to do business in Louisiana.

4.

Defendant, CF Industries Long Term Disability Plan for its Employees (Plan), is an entity created by plaintiff's former employer, CF Industries, Inc., for the benefit of its employees.

5.

This court has jurisdiction and venue under the provisions of ERISA 29 USC §1132(e)(2) because plaintiff's last place of employment was located within the Middle District of Louisiana and the denial of benefits are claimed to have occurred there.

6.

Hartford issued a group policy, no. SR-83078179, insuring the employees of CF Industries. The Plan granted the administrator the exclusive right and authority to control and manage the operation and administration of the Plan. Plaintiff is a beneficiary and insured under the policy. Upon information and belief, CF Industries, Inc. is the plan administrator.

7.

Plaintiff had worked as a chemical operator at CF Industries, Inc. for twenty-five years but had to stop working June 3, 2003 due to disability.

8.

Plaintiff has epidural lipoma, disc herniation, carpal tunnel syndrome, and bilateral ulnar neuropathy, documented degenerative disc disease, and extreme hyperesthesias. All of these conditions cause plaintiff extreme pain and discomfort. His pain is primarily located in his back and anterior thighs. His legs are heavy and they

tingle. His feet feel like they are on fire at times. He has intense brief shocking pain in his lumbar region. When he sits, stands, and moves about he gets these shocking pains.

9.

Plaintiff's doctors, Dr. Freiburg, Dr. Morris, and Dr. Landreneua have determined plaintiff totally disabled and incapable of gainful employment. All three have repeatedly reiterated plaintiff's inability to work through letters to Hartford, office notes, and forms filled out for the Hartford and found in the administrative record.

10.

Hartford paid long term disability benefits for two years after determining that he could no perform is own occupation but terminated further benefits on November 11, 2005. Defendant disregarded objective medical evidence that plaintiff was medically precluded from any full time work, rather it based it decision on an illogical FCE reporton a change in Hartford's definition of disability noted in the policy.

11.

On January 31, 2006, CF Industries wrongfully terminated plaintiff in bad faith based on Hartford's erroneous determination that plaintiff is capable of working.

12.

In the alternative, CF Industries terminated plaintiff's employment in bad faith for the unlawful purpose of denying or precluding plaintiff from receiving ERISA benefits, including health insurance and pension benefits.

13.

Plaintiff appealed Hartford's denial of benefits, and his physicians then submitted additional objective medical evidence and opinion letters declaring plaintiff totally

3

disabled and unable to perform any work. Hartford ordered plaintiff to undergo a functional capacity evaluation. The FCE was performed by a non-doctor/physical therapist who was paid by Hartford. The attempted performance of the examination procedures caused plaintiff excruciating pain which demonstrated preclusion from regular full time employment at any level. Klester reports in his FCE that plaintiff's pain reached near maximum 9 ¾ on a 10-point scale during the testing but illogically opined that plaintiff "would likely" be able to work. He commented that plaintiff had several brief episodes of wincing reactions during the testing. At the conclusion of the examination, Patrick Klester suggested to plaintiff that he go to a local hospital to receive a shot of morphine. Hartford used the results of the FCE to determine that regardless of objective medical testing showing pain levels of 9 ¾ out of 10, plaintiff can work.

14.

The administrative record shows that Plaintiff was awarded social security disability benefits because the Social Security Administration determined that he is totally disabled and incapable of full-time gainful employment in any capacity. Although defendant reduced the amount of disability payments in 2004, it failed to give any consideration of the SSA findings of disability at the time it terminated plaintiff's benefits.

15.

The insurance claim's adjuster denied plaintiff's appeal on June 16, 2006. All administrative procedures have been exhausted.

16.

Hartford denied plaintiff from receiving disability benefits in bad faith.

17.

The plan administrator acted arbitrarily and capriciously in its failure to oversee and properly administer plaintiff's claim. The claims administrator and the insurer as one and same and are therefore conflicted and plaintiff was denied a fair administrative review.

18.

There is no concrete evidence in the administrative record that supports the denial of plaintiff's claim for benefits. The administrative record is void of objective medical evidence supporting the denial of the claim and is replete with substantial medical evidence that plaintiff is and has not been capable of any work as defined by the policy/plan since June 3, 2003.

19.

Defendants have failed to give the policy and Plan a uniform construction and interpretation.

20.

The Plan does not vest the Plan Administrator, with discretion to interpret and apply the terms of the plan. Thus, the court must review the denial of the claim under a *de novo* standard. Hartford is conflicted because it is both the Plan Administrator and insurer. Thus, this Court must review the evidence in the administrative record most favorably for the plaintiff.

21.

Plaintiff brings this action under the Employment Retirement Income Security Act of 1974 (ERISA) 29 USC § 1-1-1461, including the demand against defendants for

failure to pay benefits under the insurance policy under 29 USC § 1132(a)(1)(B); and for breach of fiduciary duties under 29 USC § 1104(a) and for wrongful activity to preclude ERISA benefits.

22.

Defendants' actions are arbitrary and capricious as plaintiff's medical condition plainly precludes his employment and entitles him to disability benefits. Under the terms of the Plan, plaintiff is entitled to receive a percentage of his base rate of pay. Plaintiff is entitled to judgment ordering defendants to pay long-term disability benefits until he attains age 65 and to pay those benefits retroactively to November 11, 2005 with interest.

23.

Plaintiff is entitled to an award of reasonable attorney's fess and court costs pursuant to provisions of ERISA.

24.

Plaintiff is entitled to all having his employment at CF Industries reinstated to January 31, 2006 and all employment welfare benefits reinstated to that date.

WHEREFORE, Plaintiff, Kelvin J. Schexnayder, prays that after due proceedings there be judgment rendered in his favor against the defendants in solido, or/and the defendants CF Industries, Inc., CF Industries Long Term Disability Plan For Its Employees, and Hartford Life and Accident Insurance Company, ordering them to pay plaintiff disability benefits retroactive to November 11, 2005 and continuing to make such payments until the plaintiff obtains the age of sixty-five (65) or is no longer qualified under the terms of the policy, to have plaintiff's employment and all employment benefits reinstated with CF Industries, and for damages from the wrongful

termination of plaintiff's employment, with prejudgment interest, reasonable attorneys fees, and for such further relief as the law and facts may provide.

Respectfully submitted,

*/s/ James F. Willeford*

James F. Willeford (13485)
Reagan Toledano (29687)
Willeford Law Firm
201 St. Charles Avenue, Suite 4208
New Orleans, LA 70170
Phone: (504)582-1286
Fax: (313) 692-5927
jimwilleford@willefordlaw.com

# CIVIL COVER SHEET

%JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kelvin J. Schexnayder

**DEFENDANTS**
CF Industries Long Term Disability Plan for its Employees, CF Industries, Inc. and Hartford Life and Accident Insurance Company

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Willeford Law Firm, 201 St. Charles Avenue, Suite 4208, New Orleans, LA 70170, (504) 582-1286

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: Claim for ERISA Life Insurance Benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 02/01/2007
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 4699005610  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____