**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KELVIN J. SCHEXNAYDER**

**CIVIL ACTION**

**VERSUS**

**NO. 07-84-D-M2**

**CF INDUSTRIES LONG TERM
DISABILITY PLAN FOR ITS EMPLOYEES,
ET AL**

# ERISA CASE ORDER

Compliance with applicable ERISA legal standards will streamline the handling of this action. Counsel shall familiarize themselves with current ERISA law, including the jurisprudence cited below.[1] In order to facilitate an efficient progression of this action, the following **ORDERS** are entered.

(1) **Parties to file Stipulation or Motion re: whether ERISA Governs the Employee Benefit Plan:** Within **forty-five (45) days following the date of this order,** the parties **shall file** one of the pleadings described below, addressing the issue whether ERISA governs the employee benefit plan at issue:

    **(A)** A joint stipulation that ERISA governs the employee benefit plan at issue; or

    **(B)** A summary judgment motion presenting the issue for the Court's determination.

---

[1] This federal district court's review of employee benefit plan determinations is limited by standards of review articulated by the United States Supreme Court and the Fifth Circuit Court of Appeal. See *Firestone Tire & Rubber Co. v. Brunch,* 489 U.S. 101, 109 S. Ct. 948, 103 L.Ed.2d 80 (1989); *Vega v. National Life Ins. Co.,* 188 F.3d 287 (5th Cir. 1999) *Schadler v. Anthem Life Insurance Co.,* 147 F.3d 388, 394 (5th Cir. 1998); *Duhon v. Texaco, Inc.,* 15 F.3d 1302, 1305 (5th Cir. 1994), reh'g en banc denied, 20 F.3d 47 (1994).

1

(2)     **Defendant to file "Defendant's Response to ERISA Case Order":** Within **forty-five (45) days following the date of this order,** defendant **shall file** into the record, *and provide a copy to opposing counsel,* a pleading entitled "Defendant's Response to ERISA Case Order" which shall include the following:  (A) citations to the specific page(s) and paragraph(s) of the plan terms which define the administrator's authority to determine eligibility benefits and/or to construe or interpret the terms of the plan; (B) a statement addressing whether defendant contends that the plan vests the plan administrator with discretionary authority to determine eligibility for benefits and to construe the terms of the plan[2], including here a quotation of the pertinent plan language and any applicable case law supporting defendant's interpretation; and (C) a statement addressing whether the defendant contends that ERISA preempts all state claims related to the employee benefit plan at issue.  Should defendant contend that all state claims are not preempted, defendant shall identify any such claims and provide supporting argument and case citations.[3]

(3)     **Defendant to file Copy of Employee Benefit Plan and Administrative Record:  Defendant shall attach to the Defendant's Response to ERISA Case Order for filing into the record,** *and shall provide a copy to opposing counsel:* (A) a copy of all pertinent portions of the employee benefit plan; and (B) a copy of the complete administrative record concerning plaintiff's claim for benefits.

(4)     **Plaintiff to file "Plaintiff's Response to ERISA Case Order":** Within **sixty (60) days following the date of this order,** plaintiff **shall file** into the record, *and provide to opposing counsel,* a pleading entitled "Plaintiff's Response to ERISA Case Order," which pleading shall include the following: (A) a statement whether plaintiff contends that the plan vests the plan administrator with discretionary authority to determine eligibility for benefits and to construe the terms of the plan.[4]  Should plaintiff aver that the plan does not grant the plan administrator such authority, counsel shall provide supporting argument and case citations; (B) a statement addressing whether plaintiff contends that ERISA preempts all state claims related to

---

[2] There is no "linguistic template" or "magic word(ing)," which must be included in a plan to vest an administrator with discretionary authority to determine eligibility for benefits or to construe the terms of a plan.  Instead, the plan should be read as a whole to determine "the breadth of the administrators' power."  *Schadler v. Anthem Life Ins. Co.,* 147 F.3d at 395, fn.7; *Duhon v. Texaco Inc.* 15 F.3d at 1305-1306, citing *Wilbur v. Arco,* 974 F.2d 631, 636 (5th Cir.), modified, 979 F.2d 1013 (5th Cir. 1992).

[3] ERISA preempts all state claims that "relate to any employee benefit plan" 29 U.S.C. §1144(a); *Vega v. National Life Insurance Services, Inc.*, 188 F.2d 287, 290 fn.3 (5th Cir. 1999).

[4] See text of footnote 2 supra.

2

the employee benefit plan at issue, including identification of any state claims which plaintiff contends are not so preempted, along with supporting argument and case citations[5]; and (C) a statement regarding the completeness of the administrative record. If plaintiff contends that the administrative record is incomplete in any way, plaintiff shall describe the alleged omitted documents and shall set forth the basis for plaintiff's belief that said documents were part of the administrative record considered by the plan administrator. If plaintiff possesses said omitted documents, plaintiff shall file a copy of the alleged omitted documents as an attachment to plaintiff's response to the ERISA Case Order.

(5) **Parties to File Joint Stipulation, Dispositive Motions, and/or Statement of Issues: Within ninety (90) days following the date of this order,** the parties shall address each of the following issues: (a) the completeness of the administrative record; (b) whether ERISA preempts all state claims; and (c) whether the employee benefit plan grants the plan administrator discretionary authority to determine eligibility for benefits and to construe the terms of the plan. *The parties shall address these issues by filing the following:*

> **(A)** A joint stipulation of counsel on the above issues; **OR**
>
> **(B)** A joint stipulation of counsel regarding the issues as to which counsel have reached an agreement; and a summary judgment or other appropriate dispositive motion as to the issues to which counsel cannot agree; **OR**
>
> **(C)** A statement of the genuine issues of material fact which would prevent the granting of a summary judgment or other dispositive motion as to such issue.

(6) **Briefs on the merits of the case:** Following the Court's ruling on the above described motions, or the joint stipulations of counsel if all issues are agreed upon, the parties shall comply with the following deadlines with regard to the merits of the case:

> **(A)** Thirty (30) days from the date of the Court's Ruling, the parties shall file cross-motions on the merits of the case;

---

[5] See text of footnote 3 supra.

     **(B)**    Reply briefs may be filed within forty-five (45) days from the date of the Court's Ruling.

(7) **Discovery Limitations:** Absent Court order,[6] discovery in this case is limited to subject matter which relates to the administrator's interpretation of the terms of the policy or plan.[7]

Discovery may not be conducted regarding the factual basis of the plaintiff's medical claim because this Court's review is constrained to the evidence in the administrative record as reviewed by the plan administrator, and the administrator's decision can only be overturned if the Court concludes that it constitutes an abuse of discretion, *Schadler,* 147 F.3d at 394; *Wilbur,* 974 F.2d at 639; see also *Southern Farm Bureau Life Ins. Co. v. Moore,* 993 F.2d 98, 102 (5th Cir. 1993).

Signed in chambers in Baton Rouge, Louisiana, May 31, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[6] If a diligent review of the law and the facts leads a party to believe that there is a basis for expanding the scope of discovery in this case, an appropriate motion and memorandum, citing applicable authorities and legal arguments, should be filed promptly.

[7] To date, evidence which has been recognized to be related to the administrator's interpretation of plan terms includes evidence of the bad faith of plan trustees, *Kennedy v. Electricians Pension Plan,* 954 F.2d 1116, 1123-24 (5th Cir. 1992), evidence of a plan administrator's potential conflict of interest, *Vega v. National Life Insurance Services, Inc.*, 145 F.3d 673, 680 (5th Cir. 1998), and evidence concerning how an administrator has interpreted terms of the plan in other instances, *Id* at 299. Likewise, expert evidence which assists the court in understanding the medical terminology or practice related to a claim is admissible, and would thus be a proper subject of discovery. *Id* at 299.